## IN THE UNITED STATE DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

DENISE COOK and WILLIAM COOK,   )
                       )
        Plaintiffs,       )    CASE NO.: _____
                       )
vs.                      )
                       )
DOLLAR GENERAL CORPORATION,  )    STATE COURT CAUSE NO.:
                       )    CAUSE NO. 71D07-2011-CT-000407
        Defendant.      )

## NOTICE OF REMOVAL

Defendant, Dolgencorp, LLC d/b/a Dollar General (improperly identified in Plaintiffs' Complaint as "Dollar General Corporation") (hereinafter "Defendant Dolgencorp"), by and through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446 and states the following in support of it:

1.      On or about November 3, 2020, the Plaintiffs filed a Complaint for Damages in the St. Joseph County (Indiana) Superior Court, styled *Denise Cook and William Cook v/ Dollar General Corporation*, Cause No. 71D07-2011-CT-000407, in which they assert a personal-injury claim resulting from Plaintiff Denise Cook's alleged slip-and-fall on March 28, 2020 at a Dollar General store located in St. Joseph County, Indiana. Pursuant to 28 U.S.C. § 1446(a), copies of the Plaintiffs' Complaint and Summons are attached as **Exhibit A** to this Notice of Removal. Defendant Dolgencorp has also attached a copy of the State Court docket sheet as **Exhibit B**.

2.      The Plaintiffs allege that "[a]s a direct and proximate result of the carelessness and negligence of the employees and/or agents of the Defendant, Dollar General Corporation, the Plaintiff, Denise Cook, has sustained personal injuries the effects of which may be permanent and lasting, has incurred hospital, doctor and medical expenses and may continue to incur hospital,

doctor and medical expenses in the future, has lost her wage and may continue to lose her wage in the future, has incurred pain and suffering and may continue to incur pain and suffering in the future, all of which damages are in an amount yet uncertain."

3.     Defendant Dolgencorp received a copy of the summons and complaint no earlier than November 12, 2020. On November 24, 2020, Defendant Dolgencorp timely filed its Answer, Affirmative Defenses, and Jury Demand with the St. Joseph County Superior Court Clerk. On December 22, 2020, pursuant to Ind. Trial Rule 15(A), Defendant Dolgencorp then filed its Amended Answer, Affirmative Defenses, and Jury Demand with the St. Joseph County Superior Court Clerk, which it attaches as **Exhibit C** to this notice with any and all other pleadings, filings, and orders of record to date in the state-court proceedings.

4.     The Plaintiffs, Denise and William Cook, are domiciled in, and citizens of, the State of Indiana. Defendant Dolgencorp's investigation has demonstrated that both Plaintiffs' social security numbers were issued in Indiana, both Plaintiffs have lived in LaPorte County, Indiana, for at least the last thirty-five years, and Plaintiff Denise Cook has litigated various actions in Indiana courts. Furthermore, Defendant Dolgencorp propounded Requests for Admission on the Plaintiffs in the state-court action, attached as **Exhibit D**, one of which asked the Plaintiffs to "[a]dmit that the State of Indiana is the state of residence and domicile of Denise and William Cook[,]" and which the Plaintiffs expressly admitted on December 17, 2020.

5.     Defendant Dolgencorp is, and at the time the Complaint was filed, was, a single-member, manager-managed Kentucky limited-liability company and is a wholly-owned subsidiary of Dollar General Corporation, which is both incorporated and has its principal place of business in the State of Tennessee. Dollar General Corporation is a citizen of the State of Tennessee, and thus Defendant Dolgencorp is also a citizen of the State of Tennessee.

6.      Since the Plaintiffs and Defendant Dolgencorp are "citizens" of different states, there is complete diversity of citizenship between the parties within the contemplation of 28 U.S.C. § 1332(a).

7.      Although the Plaintiffs' Complaint did not allege any specific amount or range in damages – and instead requested only "judgment against the Defendant, Dollar General Corporation, in an amount adequate to compensate her for her losses, for the cost of this action and all other just and proper relief[,]" - based on the nature of the claim and the allegations in the Plaintiffs' Complaint, Defendant Dolgencorp reasonably believes that the amount in controversy exceeds $75,000.00. *See Copak v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 15801, *1 (N.D. Ind. 2013); *Workman v. United Parcel Service, Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). Moreover, Defendant Dolgencorp propounded Requests for Admission on the Plaintiffs in the state-court action, attached as **Exhibit D**, one of which asked the Plaintiffs to "[a]dmit that the amount in controversy in this litigation, exclusive of interest and costs, exceeds Seventy-Five Thousand Dollars ($75,000.00)[,]" and to which the Plaintiffs simply objected and did not expressly deny. As such, Defendant Dolgencorp reasonably believes that the amount in controversy exceeds $75,000.00.

8.      This Court therefore possesses original jurisdiction over the underlying state court case pursuant to the provisions of 28 U.S.C. § 1332. This action may be removed pursuant to the provisions of 28 U.S.C. § 1441 and § 1446 because there is complete diversity of citizenship between the parties, and Defendant Dolgencorp reasonably believes that the amount in controversy exceeds the sum of $75,000.00, exclusive of costs and interest.

9.      Pursuant to 28 U.S.C. § 1332, Defendant Dolgencorp's Notice of Removal is timely because it has been filed within thirty (30) days of Defendant Dolgencorp's receipt of a post-

complaint pleading or other litigation paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013).

10.     Defendant Dolgencorp has completed all necessary requirements to remove this action to federal court in accordance with the procedures outlined in 28 U.S.C. § 1446(c). Defendant has filed copies of all process and pleadings served on them in this action with its Notice of Removal. Moreover, upon receipt of an ECF Notice with respect to this filing, Defendant Dolgencorp will provide written notice of the Notice of Removal to all attorneys of record in the state-court proceedings and to the Clerk of the St. Joseph County Superior Court.

11.     In the event that the Plaintiffs challenge this Notice of Removal and the Court's subject-matter jurisdiction, Defendant Dolgencorp reserves the right to file the appropriate affidavits and other proof with the Court to satisfy its burden of proof with respect to diversity jurisdiction. *See Buchanan v. McLee*, 2006 U.S. Dist. LEXIS 8533 (N.D. Ind. Feb. 10, 2006) (holding that the Court can require the defendant to file appropriate evidence or "competent proof" to support diversity jurisdiction upon its own volition or upon being challenged by the plaintiff).

**WHEREFORE**, for all the foregoing reasons, Defendant, Dolgencorp, LLC d/b/a Dollar General (improperly identified in Plaintiffs' Complaint as "Dollar General Corporation"), respectfully requests that this Honorable Court accept removal pursuant to 28 U.S.C. § 1441 and U.S.C. § 1446.

Respectfully submitted,

*/s/ Daniel J. Curtin*_____
Trevor W. Wells (31156-64)
Daniel J. Curtin (35814-45)
REMINGER CO., L.P.A.
One Professional Center, Suite 315

2100 North Main Street
Crown Point, IN 46307
T: 219-663-3011
F: 219-663-1049
twells@reminger.com
dcutin@reminger.com
*Counsel for Defendant, Dolgencorp, LLC*
*d/b/a Dollar General*


**CERTIFICATE OF SERVICE**

I certify the on December 13, 2020, a true and complete copy of the above and foregoing was served in accordance with Fed. R. Civ. P. 5, pursuant to the district court's ECF system as the ECF filers, and was served by regular mail to non-ECF filers and parties who do not appear to be registered with the Court's ECF system.

Jeffrey J. Stesiak, Esq.
Pfeifer Morgan & Stesiak
53600 North Ironwood Drive
South Bend, IN 46635
*Counsel for Plaintiffs*


*/s/ Daniel J. Curtin*_____
Daniel J. Curtin, Esq. (#35814-45)
**REMINGER CO., L.P.A.**